*1060 OPINION.
Lansdon :
The petitioner’s first contention is that by reason of the inclusion of a duly executed Form 1122 in the consolidated return, the Commissioner was without authority to assess any tax against the Kraker Pen Company. Its counsel argues that the return and the facts clearly indicate an agreement that the entire tax liability under the consolidated return should be assessed to the petitioner. In many proceedings in which no such agreement was proved, we have held that the respondent, under the law, must prorate the tax liability shown on a consolidated return to the several members of an affiliated group in proportion to their respective incomes. Phoenix National Bank, 14 B. T. A. 115; Crystal Block Coal & Coke Co., 15 B. T. A. 600; Aragon Mills, 17 B. T. A. 257; American Textile Woolen Co., 23 B. T. A. 670; Morganite Brush Co., 24 B. T. A. 776; Furniture Exhibition Building Co., 24 B. T. A. 1279. The courts have quite consistently adopted the view that in the absence of any agreement the tax shown upon a consolidated return must be ratably assessed against the several members of the affiliation. Essex Coal Co. v. Commissioner, 39 Fed. (2d) 892; Popular Priced Tailoring Co. v. Commissioner, 33 Fed. (2d) 464. In Sheffield Dentifrice Co., 13 B. T. A. 877, there was an agreement that all the tax due on a consolidated return should be paid by the New England Collapsible Tube Company, and we held that no part of such tax was assessable against another member of the affiliated group. In the light of the above decisions it is clear that the settled law requires the Commissioner to assess the tax shown on a consolidated return in conformity with the agreement between the affiliated corporations. It follows, therefore, that the Kraker Pen Company was not liable to assessment for any income and profits tax due under the consolidated return and that its assets when transferred to the petitioner at December 31, 1921, were impressed with no trust in favor of the Government for unpaid taxes for the year 1920. It is not necessary to decide whether the waivers executed for the taxpayer by the petitioner or its officers are valid. The tax in question was not assessable against the Kraker Pen Company and the validity of waivers of the time for assessment thereof is wholly immaterial to any issue here involved.
*1061 Under the terms of the agreement only the petitioner was liable for any assessment under the consolidated return, and at December 31, 1921, when it took over all the assets of the taxpayer, it became liable at law for all the unpaid obligations of the dissolved corporation. Unless extension by consent had been obtained the period within which such an assessment could be made expired on March 15, 1926. Valid waivers extended the time to December 31, 1927. No assessment was made before that date, but on January 24, 1928, the Commissioner notified the petitioner that it was liable as a transferee for the unpaid income and profits taxes of the taxpayer for the year 1920. The petitioner’s liability to assessment as a taxpayer, which it was in fact and in law in the circumstances herein, was tolled at December 31, 1927. In our opinion such liability can not later be revived by a determination under section 280. See Oswego Falls Corp., 26 B. T. A. 60.
Reviewed by the Board.

Decision will Toe entered for the petitioner.